**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re

ESTATE OF JOHN R. MARKERT,

Debtor.
-----------------------------------------------------------x

Chapter 13

Case No. 24-71363-ast

## <u>MEMORANDUM OPINION DISMISSING A PROBATE ESTATE'S CHAPTER 13 BANKRUPTCY CASE</u>

### *Issues Before the Court and Summary of Ruling*

This chapter 13 debtor is a probate estate. Now pending is this Court's Order to Show Cause why the Court should not dismiss this case based on Debtor being ineligible to commence a case under Chapter 13. For the reasons stated herein, this case is dismissed because a probate estate is ineligible to commence a case as a Chapter 13 debtor.

### *Jurisdiction*

This Court has jurisdiction over this core proceeding under 29 U.S.C. §§ 157(b)(2)(A) and (O), 1334(b), and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York, dated August 28, 1986, as amended by Order dated December 5, 2012.

### *Factual and Procedural History*

On April 8, 2024, Heather Markert (the "Authorized Representative") filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on behalf of the Estate of John R. Markert ("Debtor") [Dkt. No. 1].

On June 11, 2024, the Court issued its Order directing the Authorized Representative and the United States Trustee ("UST") to show cause why the Court should not enter an order dismissing Debtor's Chapter 13 case for being ineligible to be a debtor (the "Order to Show Cause") [Dkt. No. 16]. Neither the Authorized Representative nor the UST filed a response.

### *Discussion*

#### A. *Sections 109(e) and 101(30) of the Bankruptcy Code*

Section 109(e) of the Bankruptcy Code provides that "[o]nly an individual with regular income" may be a debtor under Chapter 13 of the Bankruptcy Code. 11 U.S.C. § 109(e). Section 101(30) of the Bankruptcy Code defines an "individual with regular income" as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under

a plan under Chapter 13 . . . ." *Id.* at § 101(30). Therefore, to be eligible for Chapter 13 relief, a debtor generally must be (1) an individual and (2) have regular income. Thus, the issue here is whether Debtor, a probate estate, is an individual with regular income.

### B. Whether a Probate Estate is an Individual with Regular Income

No court within the Second Circuit has addressed the issue of whether a probate estate is eligible to commence a Chapter 13 case. This Court has, however, previously held that a probate estate is ineligible to commence a Chapter 7 case, as a probate estate is not a "person" as defined under sections 109(b) and 101(41) of the Bankruptcy Code. *See In re Estate of Baer,* Case No. 23-73607-ast, 2024 WL 234134, at *2 (Bankr. E.D.N.Y. Jan. 19, 2024).[1]

The term "person" is defined under the Bankruptcy Code to include "individual[s], partnership[s], and corporation[s]." 11 U.S.C. § 101(41). Thus, because the term "individual" is included in this definition, it is logically consistent that one must also be a "person" to commence a Chapter 13 case. Because this Court has previously held that a probate estate is not a "person," it must follow that a probate estate is not an "individual" and therefore, is ineligible to commence a Chapter 13 case. *See Baer*, 2024 WL 234134, at *2.

Cases outside of this Circuit addressing this issue are uniform in following this analysis. In *In re Perkins*, Judge Altenberger of the United States Bankruptcy Court for the Southern District of Illinois wrote:

> It is well-settled that a probate estate may not commence a bankruptcy case on behalf of a decedent under either Chapter 7 or Chapter 13 because, as pointed out by the Trustee, an estate is not included in the definition of "person" under § 109(b) for Chapter 7 purposes or in the definition of "individual" under § 109(e), which is included in the definition of "person" under § 101(41), for Chapter 13 purposes.

381 B.R. 530, 533 n.4 (Bankr. S.D. Ill. 2007); *see also In re Seegers*, Case No. 09-00641, 2009 WL 2883019, at *1 (Bankr. D.D.C. July 30, 2009); *In re Estate of Roberts*, Case No. 05-26653 ESD, 2005 WL 3108224 (Bankr. D. Md. Aug. 15, 2005); *In re Jarrett*, 19 B.R. 413 (Bankr. M.D.N.C. 1982).

This result is only further supported by the policy concerns expressed by this Court in *Baer* to keep the administration of probate estates in state probate and surrogate courts. These state

---

[1] To be clear, however, nothing in this decision or *Baer* impacts Bankruptcy Rule 1016 concerning a properly commenced case where a debtor passes away during the pendency of the case. Rule 1016: Death or Incompetency of Debtor, states that:

Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred. If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

courts have developed "a comprehensive and specialized machinery for the administration of such estates" and are better "able to interface the interests of heirs or legatees with other interests" than this Court.  *Baer*, 2024 WL 234134, at *2 (quoting *In re Goerg*. 844 F.2d 1562 (11th Cir. 1988) and *Matter of 299 Jack-Hemp Associates,* 20 B.R. 412, 413 (Bankr. S.D.N.Y. 1982)).

Thus, because a probate estate is not an "individual" as defined under 109(e) the Bankruptcy Code, it is ineligible to commence a Chapter 13 case.

## *Conclusion*

Accordingly, for the reasons set forth herein, it is hereby

**ORDERED**, that this Chapter 13 bankruptcy case is dismissed.



Dated: July 25, 2024
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge